IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TONY COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-2680-JTM-KGG |
| ) | |
| DANNY M. GURBA, MD, et al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff has filed a motion to amend his Complaint to add a claim that Defendants' fraud may have prevented him from filing this action within the statute of limitations (Doc. 30). Two of the Defendants, Patricia Martin, MD, and St. Luke's South Hospital, Inc., oppose the motion, claiming that the proposed amendment is futile, at least as to them. (Docs. 31, 32). The motion is unopposed as to Defendants Danny Gurba, MD, and Dickson-Dively Midwest Orthopaedic Clinic, PA. The Court agrees with the objecting Defendants, and **DENIES** the Plaintiff's motion as to those parties.

The proposed amendment requires leave of the Court, which should be freely given when "justice so requires." Fed.R.Civ.P.15(a)(2). The opposing Defendants' resistance is based on an argument that the new claim is futile because

it fails to state a claim. The Court may deny a motion to amend upon that basis if the claim would fail to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). ***Stewart v. Board of Com'rs for Shawnee County, Kansas***, 216 F.R.D. 662, 664 (D. Kan. 2003). To survive such a challenge, the amendment must "state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007). Additionally, the opposing Defendants claim that the Plaintiffs proposed amendment, as to them, lacks sufficient specificity in pleading fraud to comply with Fed.R.Civ.P. 9.

The Federal Rules require that averments of fraud be plead with particularity. Specifically, Fed.R.Civ.P. 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule requires that a party "set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." ***United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah***, 472 F. 3d 702, 726-27 (10th Cir. 2006). The failure to plead plausible facts violates not only Rule 9, but also runs afoul of the pleading requirements set forth in ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009) and ***Bell Atlantic v. Twombly***, *supra*.

Plaintiff's proposed Amended Complaint describes misrepresentations allegedly made by Defendant Gurba. However, as to Defendants Martin and St.

Luke's, Plaintiff alleges only "they" concealed facts about the alleged malpractice. He alleges that they "duped" him by "intentional and knowing lies and concealment." He alleges that "other defendants," perhaps meaning Defendants Martin and St. Luke's, did not reveal Gurba's alleged concealments and misrepresentations. He also alleges generally that "defendants could not stand innocently silent as to the matters complained of," that the concealments and misrepresentations were "untrue statements of fact, known to be untrue by those making it, with the intent to deceive." He further alleges that "defendants intended to deceive and conceal the truth."

These claims are exactly the types of general allegations, unsupported by the allegation of any facts whatsoever, that are condemned by both Rule 9 and Rule 12(b)(6), as interpreted by the Court in *Iqbal* and *Twombly*. Plaintiff does not explain or allege what Dr. Martin or any named agents of St. Luke's knew that they concealed or failed to divulge, what misrepresentations were made (much less when they where made or by whom), or what actions those Defendants took to affirmatively conceal facts relevant to the Plaintiff's case. The proposed Amended Complaint thus fails to state a fraud claim against Dr. Martin and St. Luke's, and thus, its filing would be futile.

The Plaintiff's motion is, therefore, **DENIED** as to the amended allegations relating to Defendants Dr. Martin and St. Luke's. The motion is otherwise

**GRANTED**.  Plaintiff shall file its revised Amended Complaint, clearly and unambiguously deleting from it the amended claims relating to Dr. Martin and St. Luke's, on or before July 18, 2012.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 10th day of July, 2010.

                                      S/ KENNETH G. GALE
                                      KENNETH G. GALE
                                      United States Magistrate Judge